In the Matter of STEPHEN C. KAVANAUGH (Admitted as STEPHEN CANNON KAVANAUGH), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 17, 1990

## APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr. (Grace D. Moran* of counsel), for petitioner.

*Stephen C. Kavanaugh,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

By order of this court dated March 15, 1989, the respondent was suspended from the practice of law pending the outcome of a disciplinary proceeding based upon his failure to cooperate with the petitioner Grievance Committee.

In this proceeding the Special Referee sustained five charges of professional misconduct alleged against the respondent.

Charge one alleged, and the Special Referee found, that the respondent converted to his own use and benefit moneys belonging to his client, in that, while the respondent represented a client in an uncontested divorce proceeding, he received $4,000 which represented his legal fee and the total settlement of equitable distribution of marital property, which moneys the respondent was to hold in escrow pending the final judgment of divorce. No disbursement was made to either party in the divorce proceeding, and the respondent admitted under oath that he withdrew these funds from the escrow account.

Charge two alleged, and the Special Referee found, that the respondent neglected the aforementioned divorce action and failed to communicate with his client, in that, after the respondent was retained and paid a retainer fee, he advised both parties that he had filed the necessary papers with the Supreme Court of Nassau County and further advised them that the matter was scheduled to be heard in or about June 1988, while the records of that court indicate that no papers were ever filed in the matter.

Charge three alleged, and the Special Referee found, that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in that, on July 17, 1987, the respondent was arrested in the Township of Princeton, New Jersey, and charged with receiving stolen property, i.e., a stolen license plate. The respondent appeared in court in September 1987 and entered a plea of not guilty. The matter was adjourned until October 22, 1987. On October 22, 1987, the respondent was held to be in contempt for his failure to appear. He was fined $700 and sentenced to 10 days in jail. The Special Referee notes that the respondent also failed to appear on November 12, 1987, March 2, 1988, and May 4, 1988. On May 4, 1988, the respondent was again held in contempt, fined an additional $500 and sentenced to an additional 20 days in jail. On the same day the respondent was

found not guilty of possession of stolen property, but was found guilty of two motor vehicle violations in absentia.

Charge four alleged, and the Special Referee found, that the respondent knew that action he took on behalf of a client would merely serve to harass another, in that the respondent had represented one Joanne Castronovo, whom he later married, that the respondent referred this client to a physician who provided medical services, that Mrs. Kavanaugh (formerly Castronovo) failed to pay for these services and the physician obtained a default judgment in the amount of $684 against her, that the respondent unsuccessfully attempted to have the default judgment vacated and then filed a $1,000,000 suit on behalf of Mrs. Kavanaugh against the physician for "recovery of damages for fraud of defendant in obtaining judgment based on two surgical procedures not performed and wrongful attachment of wages", that the physician counterclaimed on the theory of prima facie tort, that the plaintiff, Mrs. Kavanaugh, defaulted, and the physician was allowed $2,400 for attorney's fees, that the respondent also brought a *pro se* action against the physician for $1,000,000, which was dismissed, and a default judgment of $2,700 in lawyer's fees plus punitive damages in the sum of $25,000 was awarded to the physician, and that these two actions by the respondent in his name and in the name of his wife were frivolous and intended to harass the physician.

The petitioner Grievance Committee withdrew both charge five and charge six.

Charge seven alleged that the respondent failed to cooperate with the lawful demands of the Grievance Committee in investigating the basis of the allegations in charges one, two, three and four. The respondent was scheduled to appear in the office of the Grievance Committee with certain documents on August 19, 1988. On August 18, 1988, the respondent requested and received an adjournment until August 23, 1988, at 10:00 A.M., but he failed to appear until 12:20 P.M. and failed to provide the requested documents. The respondent was served with a subpoena requiring his appearance on August 26, 1988, at which he was to produce certain documents. The respondent did not appear or produce the documents and has not made any effort to comply at any time since. The Special Referee sustained the charge.

The petitioner Grievance Committee moves to confirm the report of the Special Referee. The respondent failed to appear

at the hearing of this matter but submitted an affidavit in opposition to the petitioner's motion.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee sustaining the five charges of professional misconduct. The respondent is guilty of all of the misconduct outlined above. The petitioner's motion to confirm the report of the Special Referee is granted. Accordingly, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, BRACKEN, BROWN and KUNZEMAN, JJ., concur.

Ordered that petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Stephen C. Kavanaugh, admitted under the name Stephen Cannon Kavanaugh, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Stephen C. Kavanaugh is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.